UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DARREN B. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case number 2:17cv00074 PLC |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY and | ) | |
| PROGRESSIVE ADVANCED | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER OF REMAND**

This matter is before the Court on Plaintiff's motion to remand [ECF No. 15]. Both Defendants consent to the motion. [ECF Nos. 16 and 18].

Plaintiff originally filed in the Circuit Court of Marion County, Missouri, this breach of contract lawsuit seeking coverage for injuries Plaintiff allegedly sustained in a motor vehicle accident. The lawsuit was subsequently removed to this Court on the basis of this Court's original diversity jurisdiction. 28 U.S.C. § 1441(a). One of the prerequisites for this Court to exercise diversity jurisdiction over a civil lawsuit is that the amount in controversy is more than $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Plaintiff seeks remand to state court on the ground this Court lacks diversity jurisdiction because "the amount in controversy is less than $75,000.00, including interest, penalty, and

attorney's fees."[1]  In support of his motion, Plaintiff filed an affidavit averring "[t]he total recovery sought in this case against both defendants . . . is less than $75,000.00, including interest, penalties, and lawyer's fees" [ECF No. 15-1].

While post-removal events "do not oust the district court's jurisdiction once it has attached," St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 293 (1938), a district court may consider post-removal events showing "that, in fact, the required amount was or was not in controversy at the" time federal court jurisdiction was invoked, Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 823 (8th Cir. 2011) (internal quotation marks omitted) (quoting State Farm Mut. Auto Ins. Co. v. Powell, 87 F.3d 93, 97 (3rd Cir. 1996)). Post-removal affidavits may, therefore, be considered to resolve whether the district court has jurisdiction.  Pudlowski v. The St. Louis Rams, LLC, 829 F.3d 963 (8th Cir. 2016) (per curiam).

Here, Plaintiff's unopposed post-removal affidavit is the only material in the record that clearly demonstrates the amount in controversy.  The affidavit expressly limits Plaintiff's recovery, "including interest, penalties, and lawyer's fees," to an amount less than $75,000.00. The affidavit establishes that the amount-in-controversy requirement for this Court's exercise of diversity jurisdiction was not satisfied at the time of removal.  Under the circumstances, the Court remands the case to the Circuit Court of Marion County, Missouri, due to lack of subject matter jurisdiction.  Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's unopposed motion to remand [ECF No. 15] is **GRANTED**.

---

[1] Plaintiff states the "case involv[es] a soft tissue injury.  The billed medical expense is $7,152.49.  The lost earnings are $13,012.02"; notes he entered into a $25,000.00 settlement with the insurer for the person responsible for the accident; advises that Defendants have denied that Plaintiff sustained damages in excess of $25,000.00; and asserts Defendants' insurance policies have "other insurance" provisions.  Therefore, Plaintiff argues, "[t]aking into account the nature and extent of the injury to [P]laintiff . . . , the policy limits, [the] co-insurance provisions, and the prior recovery from [another insurance company], the amount in controversy in this case including interest, penalty, and lawyer's fees is less than $75,000.00."

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that this matter is **REMANDED** to the Circuit Court of Marion County, Missouri.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of December, 2017.